[L. A. No. 14222. In Bank.—December 18, 1934.]

JOSEPH MAYER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Joseph Mayer, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

CURTIS, J.—This is a proceeding instituted for the purpose of reviewing the action of the board of governors of The State Bar of California in recommending the disbarment of petitioner as an attorney at law of this state. The local administrative committee before whom the charges against petitioner were originally heard made its findings that the petitioner had violated section 29 of the State Bar Act by wilfully breaching rule 2 of the Rules of Professional Conduct; that petitioner had committed acts involving moral turpitude, as defined by section 287, subdivision 5, of the Code of Civil Procedure in the course of his activities as an attorney at law; and that petitioner had committed a misdemeanor in violating section 159a of the Penal Code of the state of California. The committee recommended his suspension from the practice of the law for one year. The board of governors adopted the findings of the local administrative committee, but made the recommendation to this court that petitioner be disbarred from the practice of the law.

Rule 2 of the Rules of Professional Conduct of The State Bar reads as follows: "A member of The State Bar shall not solicit professional employment by advertisement, or otherwise. This rule shall not apply to the publication or use of ordinary professional cards, or to conventional list-

ings in legal directories.'' (204 Cal. xci.) Section 287 of the Code of Civil Procedure enumerates the causes for which an attorney may be removed, and subdivision 5 specifies, ''For the commission of any act involving moral turpitude. . . . '' Section 159a of the Penal Code reads as follows: ''Whoever advertises, prints, publishes, distributes, or circulates, or causes to be advertised, printed, published, distributed or circulated, any circular, pamphlet, card, handbill, advertisement, printed paper, book, newspaper, or notice of any kind, offering to procure or obtain, or to aid in procuring or obtaining any divorce, or the severance, dissolution, or annulment of any marriage, or offering to engage or appear or act as an attorney, counsel, or referee in any suit for alimony or divorce, or the severance, dissolution, or annulment of any marriage, either in this state or elsewhere, is guilty of a misdemeanor. . . . ''

When this proceeding was first before us for consideration we were of the opinion that the findings of the local administrative committee were supported by the evidence presented in the record, but in the hopes that the petitioner might be made to realize the seriousness of his offense through the imposition of a lesser penalty than that recommended by the board of bar governors, we made our order that petitioner be suspended for one year beginning on the thirtieth day from and after the filing of the order. Said order was filed October 23, 1933.

Thereafter The State Bar filed its petition for a rehearing asking the court to reconsider and recall its former order and to impose the penalty of disbarment upon petitioner. This petition for a rehearing was based upon the fact that it had come to the knowledge of The State Bar that petitioner, instead of refraining from the practices which had called forth the censure of The State Bar and this court, had engaged in more gross and glaring violations of the rules of professional conduct. In substantiation of said fact, there was presented to this court at least eighty postcards, addressed to various attorneys in Los Angeles, with every indication that the entire list of attorneys of said city had been circularized, which on their face show a flagrant violation by petitioner of rule 2 of the Rules of Professional Conduct. ▇ Petitioner's action, moreover, falls squarely within the prohibition of section 159a of the Penal

Code, making it a misdemeanor to advertise to procure divorce. Said postcards read as follows:

"For Attorneys Only.

New

MEXICAN DIVORCE LAW

No Actual Residence Requirement

Free Extract to Lawyers

We have in our organization JOSEPH MAYER, an American, who is both a MEXICAN & AMERICAN LAWYER, and has practiced TWENTY YEARS

Also an

Ex Federal Judge of Mexico

Reference: State National Bank, El Paso.

DEPENDABLE PROMPT SERVICE

JOSEPH MAYER & ASSOCIATES

Mail Address

P. O. Box 737.          El Paso, Texas.

Free information also on any other legal matter in Mexico or Texas."

Petitioner does not dispute the fact that such postcards were sent by him, but claims that such conduct does not warrant disbarment. If the respect of the people in the honor and integrity of the legal profession is to be retained, both lawyers and laymen must recognize and realize the fact that the legal profession is a profession and not a trade, and that the basic ideal of that profession is to render service and secure justice for those seeking its aid. It is not a business, using bargain-counter methods to reap large profits for those who conduct it. The blatant methods and the offensive type of advertising used by petitioner are utterly intolerable. Such methods cast discredit not only upon the petitioner himself, but upon every member of the legal profession. Such advertising is not only contrary to the ethics of the profession but is repugnant to all canons of good taste and is made a crime by the statutes of this state. (Sec. 159a, Pen. Code.)

Petitioner's argument that the postcards were addressed only to attorneys and, therefore, do not fall within the prohibition of section 159a of the Penal Code is merely sophistic quibbling and merits no discussion.

In answer to petitioner's objection that the court was without power to grant the rehearing at the request of The State Bar, inasmuch as said petition for rehearing was not filed within twenty days after the entry of the order of suspension, we need only call attention to the fact that, regardless of whether or not any petition for a rehearing has been filed, the court may of its own volition vacate and set aside its former judgment, thereby retaining jurisdiction of said proceedings for further consideration and appropriate action. Other objections of petitioner to the validity of the proceedings are equally without merit.

We are of the opinion that the conduct of the petitioner in sending out the above-described postcards, almost immediately after the making of the former order of suspension and before said order became final, demonstrates the complete unfitness of petitioner to continue as a member of The State Bar of California.

It is therefore ordered that the petitioner Joseph Mayer be and he is hereby disbarred from the further practice of law in this state as an attorney and counselor, and that his name be and it hereby is stricken from the roll of attorneys and counselors at law of the state of California.

Shenk, J., Preston, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.