[No. 13521.  In Bank. — November 28, 1890.]

J. F. BARKLY, APPELLANT, v. J. S. COPELAND,
RESPONDENT.

SHORT-HAND REPORTER — TRANSCRIPT OF EVIDENCE — COSTS — ORDER OF
COURT. — Where a transcript of the evidence is made by the short-hand
reporter upon an order of the court, the amount of the fees paid by the
successful party pursuant to such order becomes a necessary part of the
costs and disbursements incurred by him in the action, which he is en-
titled to recover from his adversary, against whom he obtains judgment.

ID. — CONSTRUCTION OF ORDER — DUTY OF PARTIES. — Where the tran-
scription is made upon the order of the court without any direction as
to how the fees due therefor are to be apportioned between the parties,
each side should pay one half of such fees.

ID. — TRANSCRIPTION BY ORDER OF PARTY — COSTS. — Where the tran-
scription of the evidence is ordered by one party to the action, he must
pay the fees therefor, and cannot recover the fees paid, or any part of
them, from the defeated party, as costs or disbursements in the action.

APPEAL from an order of the Superior Court of
Tehama County refusing to retax costs.

The facts are stated in the opinion.

*Clay W. Taylor*, and *Jackson Hatch*, for Appellant.

*Chipman & Garter*, *L. V. Hitchcock*, and *John F. Ellison*,
for Respondent.

FOOTE, C. — This is an appeal from an order refusing
to retax a bill of costs presented by the defendant, who
had succeeded in the action.   There had been two trials
of the case, and on each trial the evidence had been tran-
scribed by the short-hand reporter.   In the first instance,
this was done upon the order of the court; at the second
trial, it was done upon the order of the defendant, with-
out any from the court.   It is not entirely clear how
much of the amount due to the short-hand reporter for
the first transcript was paid by defendant and plaintiff,
but it appears as if each one had paid half the fees.   As
this transcription was made upon the order of the court,

but without any direction as to how the fees due therefor should be proportioned between the parties, and paid, each side should have paid half, as they did. " In cases where a transcript has been ordered by the court, the fees for transcription must be paid by the respective parties to the action, in equal proportions, or by such of them, and in such proportions, as the court, in its discretion, may order." (Code Civ. Proc., sec. 274; Amend. Codes 1880, p. 54.) By the order of the court, this half of the fees thus paid by the defendant in the first instance became a necessary part of the costs and disbursements incurred by him in defense of the action. He was therefore entitled to recover it from his adversary, against whom he obtained judgment.

As to the second item, which was $559.40, paid by the defendant for the second transcription, he could not recover that, or any part of it, from the plaintiff, as neither the latter nor the court had ordered it, but the defendent alone. In another part of section 274 of the Code of Civil Procedure as amended in 1880, it is said: " The party ordering the reporter to transcribe any portion of the testimony or proceedings must pay the fees of the reporter therefor." The court should have retaxed the defendant's bill of costs, and struck therefrom the item of $559.40, above mentioned. For these reasons, we advise that the order appealed from be reversed, and the court below directed to retax the bill of costs as herein indicated.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed, and the court below is directed to retax the bill of costs as therein indicated.