[Civ. No. 11084.   Second Appellate District, Division Two.—September 3, 1936.]

STEPHEN F. YEE, Respondent, v. THE STATE BOARD OF EQUALIZATION OF THE STATE OF CALIFORNIA, Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Appellant.

No appearance for Respondent.

GOULD, J., *pro tem.*—Under the provisions of the Alcoholic Beverage Control Act (Stats. 1935, chap. 330) beer and wine licenses of petitioner and respondent were revoked by the State Board of Equalization on February 18, 1936, upon recommendation of its investigator and representative. Written notice of such revocation was given to respondent February 21, 1936. Thereafter and within the time provided by the act respondent filed his verified petition to the board for reconsideration of the matter.

Section 45 of the act in question provides as follows: "Within thirty days after receipt by the board of petition for reconsideration the board shall itself rehear the entire matter *de novo* and shall thereupon and within said thirty days either affirm, modify or set aside its original order".

When the petition for reconsideration herein was received, the State Board of Equalization, without notice to petitioner, passed upon the matter by adopting a motion that "the petition for reconsideration of alcoholic beverage licenses . . . be and the same is hereby denied". Respondent thereupon filed in the superior court his petition for writ of *certiorari* to review said action of the board, and the lower court made and entered judgment annulling the order so made. From that judgment the state board appeals.

Although respondent has not assisted us by the filing of any points or authorities, and the matter comes on for decision solely upon appellant's opening brief, we are of the opinion that the judgment must be sustained. Section 45 of the act lays down in plain and unequivocal language what must be done when the protesting licensee files a petition for reconsideration: "the board shall itself rehear the entire matter *de novo*". A rehearing is a retrial of the issues; it presumes notice to parties entitled thereto and an opportunity for them to be heard; and the use of the words "entire" and *"de novo"* (anew) imposes a requirement to hear and inquire into the whole matter in controversy. The

statutory duty devolving upon the state board certainly is not met by such perfunctory action as was taken in this case—a denial of the petition without testimony or argument and without notice to the petitioner.

■ Appellant claims that the provisions of section 45 should not be considered as mandatory, but directory only, leaving it to the discretion of the board whether or not a hearing shall be held upon a petition for reconsideration, that any other construction would defeat the purpose of the statute by requiring the board to expend the major part of its time and activities in hearing testimony upon petitions for reconsideration. We cannot agree with this interpretation of the statute; nor is there anything before us to indicate that a literal conformance to the plain provisions thereof will work any intolerable burden upon the state board. The legislative determination of the matter should be adhered to, and if any change is to be made in the duties imposed upon the board, or any procedural improvements to be made in the hearing of petitions for reconsideration of revoked liquor licenses, such objects are to be accomplished by legislative amendment of the statute rather than by strained judicial construction of its clear terms.

■ *Kraker* v. *Superior Court,* 15 Cal. App. 651 [115 Pac. 663], is authority for the proposition that writ of review is the proper remedy herein. In that case it was held that in an appeal from a justice's court to a superior court upon questions both of law and fact, the case is removed to the superior court for a trial *de novo,* and the act of the superior court in dismissing the appeal without such trial *de novo* is an excess of jurisdiction which will be annulled on petition for writ of review.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.