[Civ. No. 16760. Second Dist., Div. Three. July 25, 1950.]

NATIONAL AUTOMOBILE AND CASUALTY INSUR-
ANCE COMPANY (a Corporation), Respondent, v.
WALLACE K. DOWNEY, as Insurance Commissioner,
etc., Appellant.

Fred N. Howser, Attorney General, T. A. Westphal, Jr., and Harold B. Haas, Deputies Attorney General, for Appellant.

Wright & Millikan and Neil Cunningham for Respondent.

WOOD, J.—On March 21, 1945, the Insurance Commissioner issued an order directing the National Automobile and Casualty Insurance Company to appear and to show cause why its certificate of authority to transact insurance in the State of California should not be suspended for a period not to exceed one year. It was stated in part therein that said order was based on reports made to the commissioner that: said insurance company had as a matter of ordinary practice settled claims arising under workmen's compensation policies through the medium of a compromise and release form which form bore the heading, "Before the Industrial Accident Commission of the State of California"; said form contained recitals that the facts set forth therein were for the purpose of obtaining "the approval of the Industrial Accident Commission thereto," and that said facts were to be submitted "to the said Commission"; said insurance company had knowingly and wilfully failed to submit said form to the Industrial Accident Commission for its approval; said insurance company had used said form to settle claims for amounts less than the amounts due, and had compelled claimants to accept less than the amounts due or to resort to litigation. Partial lists of transactions showing such alleged "activities" were attached to and made a part of said order.

The hearing on said order to show cause was commenced on June 11, 1945, and proceeded, with the exception of periods of recess, until November 8, 1945. A deputy insurance commissioner, who was not an attorney, and who had no civil service classification, was designated by the commissioner to preside at the hearing. Another deputy insurance commissioner, was was an attorney with civil service classification, was designated to act as legal adviser to the deputy who presided. On May 15, 1946, the presiding deputy filed his "Proposed Decision" which included his findings of fact. The legal adviser concurred in the proposed decision and that decision was adopted by the Insurance Commissioner as his decision. It was found in effect that the insurance company had engaged in the practices referred to in the order to show cause; and it was ordered that the certificate of authority of said insurance company, insofar as it authorized said company to solicit or execute new contracts of insurance, be thereby suspended for a period of 90 days; that its certificate of authority be restored at the end of a period of 30 days if the insurance company, as evidence of its good faith, did certain acts which included discontinuing the practices set forth in the findings of the presiding deputy, and the filing with the Industrial Accident Commission, for its approval or disapproval, every compromise and release agreement entered into after June 30, 1941, on the form thereinbefore referred to.

In an amended petition for a writ of mandate the insurance company, hereinafter referred to as petitioner, sought to have the superior court order the Insurance Commissioner to vacate the order of suspension and to set aside and annul the findings and decision adopted by the commissioner in said order of suspension. It was alleged in said petition, among other things, that by the Statutes of 1945, chapter 867, section 1, the provisions of the Government Code were amended by adding to and including therein sections 11500 to 11528, inclusive; that said sections became effective on September 15, 1945, while the hearing on the order to show cause was in progress; that no "Hearing Officer" was designated to act in the proceeding pursuant to section 11502 of the Government Code; and that the hearing deputy (who presided at the hearing) and the Insurance Commissioner were without jurisdiction to hear or conduct the proceeding on the order to show cause on or after September 15, 1945, without the assignment of a "Hearing Officer" as provided for in said section 11502.

A hearing was had in the superior court on said petition, and evidence both oral and documentary was received. The court found, among other things, that: sections 11500 to 11528, inclusive, of the Government Code became effective on September 15, 1945, at which time the hearing on the order to show cause was in progress; at no time on or after September 15, 1945, was a hearing officer appointed to act in said proceeding pursuant to the provisions of section 11502 of the Government Code; and the deputy who presided at the hearing and the commissioner were without jurisdiction to hear or conduct the proceedings on the order to show cause on or after September 15, 1945, without the assignment of a hearing officer. Also in the findings the court stated that said amendments to the Government Code made it mandatory that a hearing officer be designated to preside at the hearing on said order to show cause on and after September 15, 1945, as provided by sections 11500 to 11528, inclusive, of the Government Code and by an amendment to section 704 of the Insurance Code which likewise became effective on September 15, 1945; the failure to have a hearing officer appointed ''went to the jurisdiction'' of the proceeding on the order to show cause and rendered null and void the findings of fact of the deputy who presided at the hearing; and the commissioner was without jurisdiction to make his order of suspension, and the deputy who presided at the hearing was without jurisdiction to make the proposed decision and order. The judgment commanded the commissioner to set aside the order of suspension and the decision, and directed that a peremptory writ of mandate issue commanding the commissioner to set aside said order and decision. The commissioner appeals from said judgment.

Appellant contends that the commissioner did not lose jurisdiction to proceed with the hearing on September 15, 1945, when the new sections 11500 to 11528 of the Government Code and the amendment to section 704 of the Insurance Code became effective. One of the arguments of appellant is that the hearing was in progress at the time said sections and amendment became effective; that ''over 3,000 pages of testimony had been taken and thousands of pages of exhibits introduced'' with which a ''Hearing Officer'' would not have been familiar.

Sections 11500 to and including section 11528 of the Government Code comprise chapter 5, part 1, division 3, title 2, of said code, and said chapter is entitled ''Administrative Pro-

cedure.'' The amendment to section 704 of the Insurance Code, above referred to, provides that proceedings relating to suspension of a certificate of authority of an insurer shall be conducted in accordance with said chapter 5 of the Government Code, and that the ''commissioner shall have all the powers granted therein.''

Section 11502 of the Government Code pertains to the qualifications of ''Hearing Officers'' and provides in part as follows: ''(a) . . . Any agency [including the insurance commissioner] requiring full-time hearing officers for the purposes of this act has power to appoint them for the particular agency. Each hearing officer shall have been admitted to practice law in this State for at least five years immediately preceding his appointment and shall possess any additional qualifications established by the State Personnel Board for the particular class of position involved. (b) All persons now employed . . . who, pursuant to and in accordance with the terms and provisions of their civil service classifications and prior to the effective date of this act, shall have performed functions similar to those of a hearing officer in an agency may act as hearing officers in the same agency and shall not be subject to the qualifications provisions of subdivision (a).''

As above shown, the deputy insurance commissioner who presided at the hearing on the order to show cause was not an attorney (as required by subdivision (a) of section 11502), and he had not, pursuant to a civil service classification, performed functions similar to those of a hearing officer (as required by subdivision (b) of said section). Consequently said deputy was not qualified to act as a hearing officer within the meaning of section 11502 of the Government Code. The hearing had been in progress about three months prior to the effective date of the sections, and the hearing proceeded about two months after said effective date; and the presiding deputy filed his proposed decision eight months after said date. A principal question herein is whether the provisions of said new sections of the Government Code became applicable to the proceedings on the order to show cause. Sections 11500 to and including section 11528 of said code are procedural statutory provisions. (See *Bartosh* v. *Board of Osteopathic Examiners,* 82 Cal.App.2d 486, 495-6 [186 P.2d 984].) ██ Statutes affecting only matters of procedure are applicable to actions which are pending when the statute becomes effective. (*California Emp. etc. Com.* v. *Smileage Co.,* 68 Cal.App.2d 249, 252 [156 P.2d 454]; *Sour* v. *Superior Court,* 1 Cal.2d 542,

545 [36 P.2d 373]; *Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120, 122 [47 P.2d 716]; *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228, 233 [174 P.2d 441].) It was stated in the case of *Arques* v. *National Superior Co.*, 67 Cal. App.2d 763, at page 778 [155 P.2d 643] : " 'It is a well-settled rule of law that the legislature may change rules of procedure, or remedies, and that such changes may be made applicable to pending actions, provided, of course, that under the guise of a mere change of procedure or substitution of remedies vested rights are not destroyed or the obligation of contracts impaired.' " The statutes here involved relate to procedure. As stated in *Estate of Giordano*, 85 Cal.App.2d 588, 592 [193 P.2d 771], "no litigant has any vested right in any matter of procedure." ▇ In the present case sections 11500 to and including 11528 of the Government Code became applicable to the proceedings on the order to show cause.

▇ Appellant asserts further that the deputy insurance commissioner who presided at the hearing on the order to show cause had the power, as such deputy, to act as the "agency itself" at said hearing; that when a "case is heard by the 'agency itself' the 'hearing officer' has nothing to do with making any findings of fact and decision, being limited to advising the agency"; and that the new sections of the Government Code do not "provide as to how a deputy, sitting for the 'agency itself' shall handle the matter." It seems that the appellant argues, in effect, that the hearing was before the agency itself since a deputy commissioner presided at the hearing, and that the new sections of the Government Code do not require the appointment of a hearing officer when a case is heard by the agency itself. Section 11512 of the Government Code provides in part as follows: "(a) Every hearing in a contested case shall be presided over by a hearing officer. The agency itself shall determine whether the hearing officer is to hear the case alone or whether the agency itself is to hear the case with the hearing officer. (b) When the agency itself hears the case the hearing officer shall preside at the hearing, rule on the admission and exclusion of evidence, and advise the agency on matters of law; the agency itself shall exercise all other powers relating to the conduct of the hearing but may delegate any or all of them to the hearing officer. When the hearing officer alone hears a case he shall exercise all powers relating to the conduct of the hearing." In the case of *Bartosh* v. *Board of Osteopathic Examiners, supra*, 82 Cal.App.2d 486,

it was held that the Board of Osteopathic Examiners must comply with the provisions of sections 11500-11528 of the Government Code insofar as they relate to the appointment of a hearing officer to preside over a hearing regarding charges of unprofessional conduct on the part of a physician. It was stated therein at page 492: ''The hearing officer is needful for the purpose of conducting all hearings after such fashion as will safeguard the legal rights of those concerned.'' (See, also, *Hohreiter* v. *Garrison,* 81 Cal.App.2d 384 [184 P.2d 323], wherein there is a discussion [pages 393 et seq.] of the history and purposes of sections 11500-11528 of the Government Code.) A hearing officer, with the qualifications required by said new sections of the Government Code, should have been appointed in the present case. The commissioner acted in excess of his jurisdiction.

Appellant contends further that the formal appointment of a hearing officer ''would have been superfluous.'' He asserts that the deputy, who acted as legal adviser to the presiding deputy during the hearing, was qualified to perform the duties of a hearing officer, and that he did in fact perform such duties by ruling directly on the matters and by making ''substantially *every* ruling on evidence or law.'' He argues in effect that this was a sufficient compliance with the statutes. The court found, and there was evidence to support such finding, that the legal adviser ''absented himself from the hearing room at various times'' during the course of the hearing ''when oral evidence was being heard and received and did not hear all of the evidence.'' In answer to a question asked by the court, the legal adviser testified that he became ill while the hearing on the order to show cause was in progress and he was absent about nine days. During such absence testimony was received. It therefore appears that, irrespective of any question of qualification or right of said legal adviser to act as a hearing officer, the legal adviser did not hear all the testimony or the proceedings, and by reason of such absence was not qualified to rule upon the evidence thereafter offered or to determine the issues on the order to show cause.

Appellant also argues that the petitioner did not request the appointment of a hearing officer and states that the point was first raised by petitioner in an ''argument brief'' filed with the presiding deputy on February 20, 1946, after the close of the hearing (which was before the proposed decision was filed on May 15, 1946). The court found that on September 17, 1945, and repeatedly thereafter for approximately two

weeks, petitioner requested the hearing deputy to make a ruling as to whether sections 11500 to 11528 of the Government Code were applicable to the proceedings on the order to show cause; that "at no time during the course of the hearing did petitioner make a formal request or demand that a Hearing Officer be appointed." It appears that on September 19, 1945 (four days after sections 11500 to 11528 of the Government Code became effective) the petitioner asked the deputy, who was presiding at the hearing on the order to show cause, to obtain an opinion from the attorney general as to whether the new sections of the Government Code were applicable to the proceedings on said order, and that on September 20, 1945, the presiding deputy stated that he would follow the new sections insofar as they affected the respondent (petitioner herein). The new administrative procedure statutes had been passed by the Legislature prior to the commencement of the hearing (but had not become effective). Although no formal request was made that a hearing officer be appointed, the question as to whether the provisions of the new sections were applicable was raised by petitioner. The provisions of said sections require, as above shown, that a hearing officer shall have certain qualifications, and that every hearing in a contested case "shall be presided over by a Hearing Officer." It was not necessary to make a request for the appointment of a hearing officer.

■ Appellant contends that the superior court should have referred the proceeding back to the commissioner for further hearing, or should have received evidence and made findings as to the issues. The court stated in finding No. V: "The court expressly refrains from making any finding as to whether or not the aforesaid Order and the Proposed Decision adopted therein are not supported by the findings or the findings are not supported by the evidence for the reasons stated in finding No. XIII hereinafter set forth." Finding No. XIII was to the effect that the agency did not have jurisdiction to make the order under review for the reason that the person who heard the case was not a hearing officer or a person qualified under the said new sections of the Government Code. Since the court decided that the administrative agency did not have jurisdiction, no useful purpose would have been served in reviewing the evidence presented at the hearing on the order to show cause. The determination of the issues should first be made by the administrative agency. (*Steen* v. *City of Los*

*Angeles,* 31 Cal.2d 542, 546 [190 P.2d 937].) Since the agency did not have jurisdiction, in that the proceeding under review had not been heard by a properly qualified person, the result is that the issues had not been determined first or at all by the administrative agency. Therefore, the court properly refrained from determining the sufficiency of the evidence. It is clear that the court did not decide the merits of the case. As above stated, the judgment of the court commanded the commissioner to set aside the order of suspension and the decision, and directed that a peremptory writ of mandate issue commanding the commissioner to set aside said order and decision. As above stated, the findings of the court show that the judgment was based upon the fact that the agency had acted without or in excess of jurisdiction. It appears that the judgment did not terminate the order to show cause. The status of the matter of the order to show cause, however, would have appeared more clearly if the court had remanded the matter to the commissioner for his consideration as to further proceedings, if any, in the light of the findings and judgment of the court. Where an administrative agency has not conducted a hearing properly, or has committed error of law, or if the evidence is insufficient to support the findings, and it is still possible under the circumstances for the agency to exercise its discretion, the court should remand the matter to the agency for further consideration. (See *LaPrade* v. *Department of Water & Power,* 27 Cal.2d 47, 53 [162 P.2d 13] ; *Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545].)

In view of the above conclusions, it is not necessary to discuss the other contentions of appellant.

The judgment is modified by adding thereto at the end of paragraph 2 the following : ''The matter of the order to show cause is remanded to the commissioner for his consideration as to further proceedings, if any, in the light of the findings and judgment of the court.'' As so modified the judgment is affirmed. Each party to pay his own costs on appeal.

Shinn, P. J., and Vallée, J., concurred.