[Civ. No. 17803. Second Dist., Div. Three. Mar. 20, 1951.]

WILLIAM LeGRANDE COOPER, Petitioner and Appellant, v. STATE BOARD OF PUBLIC HEALTH, Defendant and Appellant.

Walter N. Anderson and F. Walter French for Petitioner and Appellant.

Fred N. Howser, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Defendant and Appellant.

VALLÉE, J.—The license of William LeGrande Cooper (referred to as petitioner) as a clinical laboratory technologist was revoked by order of the State Board of Public Health (referred to as the board) for violations of the Business and Professions Code. Cooper petitioned the superior court for a writ of mandate to compel the board to annul its order. He appeals from the judgment denying the writ. The board appeals from an order taxing costs.

## Appeal of Petitioner

Petitioner was accused in ten counts of violations of the Business and Professions Code. An answer was filed and a hearing had before a hearing officer named by the board. The hearing officer, in his proposed findings and decision, submitted to the board, found for petitioner on five counts and found him guilty on five counts. Thereafter the board notified petitioner that it had determined not to adopt the proposed decision of the hearing officer; that it would determine the matter on the record without taking additional evidence; and that petitioner could present written argument to the board. Written argument was presented, and thereafter the board found petitioner guilty on nine counts of the accusation and ordered that his license as a clinical laboratory technologist be revoked.

The record in the superior court consisted of the petition for the writ of mandate, the return of the board, and a transcript of the evidence introduced before the hearing officer. No additional evidence was offered or received.

The court made findings of fact and concluded that: (1) the board did not proceed without or in excess of its jurisdiction; (2) there was a fair trial, and (3) the decision of the board is supported by the weight of the evidence.

Petitioner, at all pertinent times, also held a license as a drugless practitioner issued by the Board of Medical Examiners. About the time the accusation was filed with the State Board of Public Health an accusation for revocation of petitioner's license as a drugless practitioner was filed with the Board of Medical Examiners. (See *Cooper* v. *State Bd. of Medical Examiners,* 35 Cal.2d 242 [217 P.2d 630].) The facts alleged in two of the counts in the accusation before the State Board of Public Health, found by the board to be true, were also alleged in the accusation before the Board of Medical Examiners.

There is no contention here that the decision of the board is not supported by the weight of the evidence. Petitioner claims that the board was without jurisdiction because, so he says, it had no jurisdiction to revoke petitioner's license for violations of the Business and Professions Code dealing with healing arts over which it has no power of enforcement, and because some of the acts charged were the basis of the revocation of his license as a drugless practitioner.

A "clinical laboratory technologist" is any person who engages in the work and direction of a clinical laboratory. (Bus. & Prof. Code, § 1203.) A "clinical laboratory" is any place operated "for the practical application of one or more of the fundamental sciences by the use of specialized apparatus, equipment and methods for the purpose of obtaining scientific data which may be used as an aid to ascertain the presence, progress and source of disease." (Bus. & Prof. Code, § 1205.) A clinical laboratory technologist may not "practice medicine and surgery or . . . furnish the services of physicians for the practice of medicine and surgery." (Bus. & Prof. Code, § 1240.) Any person who violates the chapter treating of "clinical laboratory technology." (Bus. & Prof. Code, div. 2, ch. 3) is guilty of a misdemeanor. (Bus. & Prof. Code, § 1287.) It is unlawful for a clinical laboratory technologist to accept assignments for tests from any person not licensed under a provision of law relating to the healing arts. (Bus. & Prof. Code, § 1288.) The State Board of Public Health is authorized to revoke the license of a clinical laboratory technologist "for good cause after hearing on notice." (Bus. & Prof. Code, §§ 1202, 1203, 1265.) As a drugless practitioner, petitioner was not authorized to use drugs or medical preparations in or upon human beings or to sever or penetrate any of the tissues of human beings except the severing of the umbilical cord. (Bus. & Prof. Code, § 2138; *Cooper* v. *State Bd. of Medical Examiners,* 35 Cal.2d 242, 249, 250 [217 P.2d 630].) ■ The fact that the acts charged in the present proceeding also constitute violations of petitioner's obligations as a drugless practitioner does not absolve him from wrongdoing under his license as a clinical laboratory technologist. ■ An act or omission may constitute a violation of the obligations of a clinical laboratory technologist who holds such a license, and a violation of his obligations as a drugless practitioner if he also holds that license. ■ One guilty of professional misconduct, holding both licenses, is amenable to disciplinary action by both boards. ■ A clinical laboratory

technologist must conform to the law and the rules of professional conduct in whatever capacity he may act in a particular matter. ▇ His license as a clinical laboratory technologist brings him within the reach of the State Board of Public Health. (*Bennett* v. *State Bar,* 27 Cal.2d 31, 37 [162 P.2d 5]; *Christopher* v. *State Bar,* 26 Cal.2d 663, 666 [161 P.2d 1]; *Libarian* v. *State Bar,* 25 Cal.2d 314, 317 [153 P.2d 739]; *Jacobs* v. *State Bar,* 219 Cal. 59, 63, 64 [25 P.2d 401]; *Stuck* v. *Board of Medical Examiners,* 94 Cal.App.2d 751, 757 [211 P.2d 389]; *Moore* v. *State Board of Equalization,* 76 Cal.App. 2d 758, 763-765 [174 P.2d 323].) The board had jurisdiction of all charges alleged in the accusation.

Petitioner claims that the board failed to proceed in the manner required by law because it did not take additional evidence and because the record does not show that the members of the board read, or were familiar with, the evidence presented to the hearing officer. ▇ The board was not required to take additional evidence. (Gov. Code, § 11517.) ▇ There is no showing that any member of the board did not read, or was not familiar with, the evidence. The law presumes that the decision of the board was made after consideration of the evidence. (*Pacific Indem. Co.* v. *Industrial Acc. Com.,* 28 Cal.2d 329, 339 [170 P.2d 18].)

▇ Petitioner urges that the penalty of license revocation was so disproportionate to the violations involved as to amount to an abuse of discretion on the part of the board. (See Code Civ. Proc., § 1094.5, subds. (b) and (c).) The evidence established that: petitioner obtained his license as a clinical laboratory technologist by fraud and misrepresentation, and that the license would not have been issued in the absence of the fraud; he gave blood tests of the premarital syphilis determination type to divers persons (violations of Bus. & Prof. Code, §§ 2141, 2378, 2394); he accepted urine specimens from diverse persons for urine analysis and pregnancy test and issued reports directly to said persons (violations of the same sections); he held himself out as a physician and surgeon by signs, business cards, and various other means (violation of Bus. & Prof. Code, §§ 1240, 2141, 2378, 2396, and 2409; *People* v. *Christie,* 95 Cal.App.2d Supp. 919 [212 P.2d 629]); he obtained a specimen from a lay person for marital serology and falsely reported the test performed thereon (violation of Civ. Code, §§ 79.01-79.09 and Bus. & Prof. Code, § 2411); he aided and abetted an unlicensed person

in the performance of a premarital and prenatal examination for syphilis (violations of Civ. Code, §§ 79.01-79.09 and Bus. & Prof. Code, §§ 2378 and 2392); he made a false report of a laboratory test for syphilis; he made diagnoses of syphilis; he employed unlicensed technicians and apprentices (violation of Bus. & Prof. Code, § 1284); he failed to comply with the board's rule requiring weekly forwarding of the reports of premarital tests; and on at least two occasions he penetrated the tissue of a human being in the giving of blood transfusions (violations of Bus. & Prof. Code, §§ 1240, 2138, 2141, and 2378; *Cooper* v. *State Bd. of Medical Examiners,* 35 Cal.2d 242 [217 P.2d 630]). The inquiry in the trial court, in this behalf, was whether there was any prejudicial abuse of discretion, which is established if the order or decision of the board is not supported by the findings or the findings are not supported by the weight of the evidence. (Code Civ. Proc., § 1094.5, subds. (b) and (c).) The ultimate power of decision rests with the trial court. The question on appeal is whether the evidence, viewed in the light most favorable to the board, sustains the finding of the trial court to the effect that the penalty of revocation is not so disproportionate to the offenses found to have been committed by the petitioner as to amount to an abuse of discretion on the part of the board. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20]; *Cooper* v. *State Bd. of Medical Examiners,* 35 Cal.2d 242, 246 [217 P.2d 630]; *Southern Cal. Jockey Club, Inc.* v. *California etc. Racing Bd.,* 36 Cal.2d 167, 174, 175 [223 P.2d 1].) The record shows, largely on petitioner's own testimony, that he secured his license by premeditated misrepresentations and fraud and that as to the remaining matters he deliberately and consciously violated the statutes we have referred to, for personal, financial aggrandizement—without excuse, mitigation or palliation. Manifestly, the findings of the trial court are supported by the evidence.

 Petitioner claims that the board committed prejudicial error in admitting in evidence a transcript of testimony taken in the proceeding before the Board of Medical Examiners. He correctly says that it was hearsay. Government Code, section 11513(c), in part, provides: "Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." An examination of the record

reveals that the evidence taken before the Board of Medical Examiners was used solely for the purpose of supplementing and explaining the direct evidence.

### Appeal of the Board

The board appealed from the order taxing costs to the extent that the order eliminated as a collectible item the amount expended by the board to procure a copy of its record for the use of its counsel in the superior court. The cost bill included this item: "To preparation of one copy of Board Record In the Matter of the Accusation of William LeGrande Cooper, D-2 $370.85." The item was stricken by the court on petitioner's motion. Code of Civil Procedure, section 1094.5 (a), provides that where a writ of mandate is issued for the purpose of inquiring into the validity of any final administrative order or decision "All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs." We think it patent that the statute refers to the record of the proceeding filed in the superior court and not to a copy of the record obtained for the use of counsel. The record of the proceedings before the board filed in the superior court in the present case was provided and paid for by petitioner. It has been said that he who would claim costs must put his finger on a statute which awards the same. (*Sime* v. *Hunter*, 55 Cal.App. 157, 159 [202 P. 967]; cf. *Barkly* v. *Copeland*, 86 Cal. 493 [25 P. 3]; *Sunny Slope Water Co.* v. *City of Pasadena*, 1 Cal.2d 87, 100 [33 P.2d 672]; *Corona Foothill L. Co.* v. *Lillibridge*, 12 Cal.App.2d 549, 554 [55 P.2d 1210].) There is no statutory authorization for the award of the item claimed as costs. Further, it appeared at the oral argument that the board had a number of copies of the record available but refused to allow its counsel to use one of said copies, thus requiring the purchase of an unnecessary copy.

Judgment and order affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.