## L. A. TUCKER TRUCK LINES, Inc. v. UNITED STATES et al.

### No. 7490.

United States District Court
E. D. Missouri, E. D.
Oct. 18, 1951.

Gregory M. Rebman, St. Louis, Mo., for B. W. LaTourette and L. A. Tucker Truck Lines.

William J. Hickey, Sp. Asst. to the Atty. Gen., Drake Watson, U. S. Atty., and Marvin C. Hopper, Asst. U. S. Atty., St. Louis, Mo., for the United States.

Harry L. Underwood, Asst. Chief Counsel, Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission.

Before WOODROUGH, Circuit Judge, and HULEN and HARPER, District Judges.

HARPER, District Judge.

This is an action by L. A. Tucker Truck Lines, Inc., to annul, set aside and enjoin an order of the Interstate Commerce Commission granting C. L. Cunningham, d/b/a Pemiscot Motor Freight Company, a common carrier by motor vehicle, additional operating authority to engage in interstate commerce over regular routes between specified points in the United States as more fully described in a certificate of public convenience and necessity issued to Pemiscot Motor Freight Company in accordance with the terms of the above described order. The case was heard by a court composed of three judges, pursuant to Sections 2284 and 2325, Title 28 U.S.C.A.

 Orders of the Interstate Commerce Commission are reviewable in this court. United States v. Maher, 307 U.S. 148, 59 S.Ct. 768, 83 L.Ed. 1162. The functions of the reviewing court are strictly limited. With respect to such limitations the Supreme Court in Rochester Telephone Company v. United States, 307 U.S. 125, loc. cit. 140, 59 S.Ct. 754, 762, 83 L.Ed. 1147, said: "Only questions affecting constitutional power, statutory authority and the basic prerequisites of proof can be raised. If these legal tests are satisfied, the Commission's order becomes incontestable."

The plaintiff (L. A. Tucker Truck Lines, Inc.) on the day of the trial sought leave to file an amended petition, raising in addition to what had been raised in its original petition the further fact that C. I. (Calvin I.) Kephart, the examiner who heard this matter for the Interstate Commerce Commission, had not at the time of the hearing been appointed an examiner pursu-

ant to Section 11 of the Administrative Procedure Act, Public Law 404, 79th Congress, Title 5 U.S.C.A. § 1010. The court reserved ruling on the plaintiff's motion to amend its petition. Proof was introduced to the effect that on January 27, 1949, the date of the hearing in No. MC–105120 (Sub-No. 3), Pemiscot Motor Freight Company, Calvin I. Kephart had not been appointed an examiner pursuant to Section 11 of the Administrative Act.

The Supreme Court in the case of Riss & Company, Inc. v. United States, 341 U.S. 907, 71 S.Ct. 620, held that Interstate Commerce Commission hearings must be held by examiners appointed to conform with the requirements of the Administrative Procedure Act.

Before considering the merits of the order in question we consider the validity of the order, since Kephart, the hearing examiner, was not qualified as a hearing examiner pursuant to the Administrative Procedure Act. The Supreme Court in the case of Wong Yang Sung v. McGrath, 339 U.S. 33, loc. cit. 53, 70 S.Ct. 445, 455, 94 L. Ed. 616, said: "We hold that deportation proceedings must conform to the requirements of the Administrative Procedure Act if resulting orders are to have validity."

 While the Wong Yang Sung case was one dealing with personal rights and this action deals with property rights, yet a distinction should not be drawn between the two as the Administrative Procedure Act applies to both. The Supreme Court in Interstate Commerce Commission v. Louisville & Nashville Railroad Company, 227 U.S. 88, loc. cit. 91, 33 S.Ct. 185, 186, 57 L. Ed. 431, said: "In the comparatively few cases in which such questions have arisen it has been distinctly recognized that administrative orders, quasi-judicial in character, are void if a hearing was denied; if that granted was inadequate or manifestly unfair; if the finding was contrary to the 'indisputable character of the evidence.'"

Judge Hincks, District Judge for Connecticut, in the case of General Broadcasting System v. Bridgeport B. Station, D.C., 53 F.2d 664, loc. cit. 668, said: "The field of the superior body being narrow under

434

the express provisions of the act, the matter is one for the application of the rule that acts of an administrative body which do not come clearly within the powers granted to it by the Legislature are void."

The United States Court of Appeals for the District of Columbia in Heitmeyer v. Federal Communications Commission, 68 App.D.C. 180, 95 F.2d 91, loc. cit. 100, said: "Proper administration of the law by governmental agencies such as the Communications Commission requires careful observance of the procedures established by Congress. For the protection of the people generally, to say nothing of the agencies themselves, convenience of administration cannot be permitted to justify noncompliance with the law, or the substitution of fiat for adjudication."

In a matter similar to this action, the California courts have held in National Automobile & Casualty Ins. Co. v. Downey, 98 Cal.App.2d 586, 220 P.2d 962, loc. cit. 967, as follows: "Since the agency did not have jurisdiction, in that the proceeding under review had not been heard by a properly qualified person, the result is that the issues had not been determined first or at all by the administrative agency. Therefore, the court properly refrained from determining the sufficiency of the evidence."

■ Amendments to pleadings are largely discretionary with the courts and the courts have repeatedly held that amendments to pleadings should be allowed with great liberality at any stage of the proceedings unless violative of settled law or prejudicial to rights of opposing parties. The courts have been very liberal in permitting amendments where it is necessary to bring about a furtherance of justice.

■ The cases referred to above and many not cited would indicate that the order entered by the Interstate Commerce Commission is void and to deny the right of the L. A. Tucker Truck Lines, Inc., to file its amended petition would only add to confusion. Even if that were not true, we are of the opinion that the amendment should be permitted in the interest of justice. "It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points. So, when a District Court has not made findings in accordance with our controlling rule (Equity Rule 70½ [28 U.S.C.A.Appendix]) it is our practice to set aside the decree and remand the cause for further proceedings." Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, loc. cit. 373, 59 S.Ct. 301, 306, 83 L.Ed. 221.

In numerous cases causes have been remanded to the Interstate Commerce Commission by the district courts for appropriate action in accordance with the opinion of the court. The right of the plaintiff, L. A. Tucker Truck Lines, Inc., to file its first amendment to its petition is granted, the order of the Commission dated August 7, 1950, is set aside and the cause remanded to the Commission for such action as it may deem appropriate, and in accordance with this opinion.