[Civ. No. 16019.   First Dist., Div. Two.   May 19, 1954.]

EDWARD CHOSICK et al., Appellants, v. GEORGE R. REILLY et al., Respondents.

Mervyn Schneider and Anthony E. O'Brien for Appellants.

Edmund G. Brown, Attorney General, and William M. Bennett, Deputy Attorney General, for Respondents.

NOURSE, P. J.—This is an appeal from a judgment denying a writ of mandate in proceedings under section 1094.5, Code of Civil Procedure, to review an order of the State Board of Equalization revoking appellants' on-sale general liquor license.

The controversy herein relates to the third count only of the amended accusation inaugurating the administrative proceedings, which count in substance charged violation of section 303, Penal Code, by employing "B girls" upon appellants' licensed premises for the purpose of procuring or encouraging purchase or sale of alcoholic beverages and by paying those girls commissions on the sales they procured. After an oral hearing the hearing officer filed his proposed decision in which he found true the employment of named "B girls" but not true the payment of a commission to them; it was, however, found that the licensees kept a record on the cash register tape of the sales procured by each girl. The

proposed penalty for the violation of section 303, Penal Code, was indefinite suspension of license. The board considered the proposed decision at its meeting of April 2, 1953, and informed the licensees that the board itself would decide the case under section 11517, subdivision (c), Government Code, and give consideration to a greater penalty than the one proposed. At the meeting of the board on May 28, 1953, in which this matter was decided the licensees were represented by counsel who presented argument. The board adopted the proposed decision except that the penalty was increased to revocation of license. After proceedings based on the transcript and record before the board only, the superior court found, among other things, that the findings of the board are supported by adequate and substantial evidence and that the proceedings before the board were conducted in the manner required by law and within its jurisdiction without abuse of discretion or error of law and were neither arbitrary nor capricious.

Appellants' first grievance is that the court erred in not holding that the board abused its discretion by not proceeding in the manner required by section 11517, subdivision (a), of the Government Code. The contention is without merit. Section 11517, subdivision (a), is not applicable to the proceedings in this case. That section reads: "If a contested case is heard before an agency itself the hearing officer who presided at the hearing shall be present during the consideration of the case and if requested, shall assist and advise the agency. Where a contested case is heard before an agency itself, no member thereof who did not hear the evidence shall vote on the decision." As is shown by its text, it applies to cases in which the agency itself with the hearing officer presiding (§ 11512, subd. (b)) hears the case including the evidence.

Here the case was originally heard by a hearing officer alone and the proceedings before the board were under section 11517, subdivision (c), without taking of additional evidence or further reference to a hearing officer. The agency itself may then decide the case upon the record including the transcript after having afforded the parties opportunity to present argument. Under this proceeding of section 11517, subdivision (c), there is no requirement, as advocated by appellants, that the hearing officer who prepared the proposed decision must be present during the consideration by the agency of the record and the transcript made before him.

It is further claimed that the board violated section 11517, Government Code, by permitting the board member

Reilly to vote on the decision, although he was not familiar with the record. It has been said that before an agency may deviate from the proposed decision under section 11517, subdivision (c), it must read the record (*Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 396 [184 P.2d 323]). The rule can be based both on due process and on the statutory provision that the agency may decide the case "upon the record, including the transcript." It may be seriously doubted whether to fulfill this requirement each member taking part in such a decision of the agency must personally have read the record including the transcript and whether it is not sufficient that in any other manner the members obtain an adequate knowledge of its contents. In this case the attorney for the board at the meeting of May 28th gave an extensive oral statement of the case including the evidence, after which counsel for the licensees argued that, "Assuming the attorney for the board has stated a true and correct statement of the facts," still the charge was not proved. However, we need not decide the question mentioned because there is no evidence showing that the board member Reilly did not personally familiarize himself with the record. The only evidence on which appellants base their contention that he did not do so is that after the argument by the attorneys of the board and the licensees he said: "I would like to hear from the State Liquor Administrator on his viewpoint for my guidance. I wasn't present at the last meeting of the board." The fact that he had not been at the prior meeting of the board is no proof that he was not familiar with the record. He may well have wished only some comment on the penalty, as is indicated by the fact that next he asked for the recommendation also of Mr. Treadwell, the acting chief of the San Francisco office. Such evidence does not overcome as a matter of law the presumption that official duty has been regularly performed (Code Civ. Proc., § 1963, subd. 15), a presumption also applicable to consideration of the evidence by an administrative board (*Cooper* v. *State Board of Public Health*, 102 Cal.App.2d 926, 931 [229 P.2d 27]).

Appellants complain under this point also of the board's asking staff assistants connected with the prosecution of the case for recommendation and assistance. Although some division between the prosecuting and adjudicating functions and personnel of administrative boards may well be desirable, no definite rules in this respect, except as to the use of hear-

ing officers, are contained in the provisions of the Government Code relating to administrative adjudication or imposed by any decisions in this state cited by appellants or known to us. *English* v. *City of Long Beach*, 35 Cal.2d 155 [217 P.2d 22, 18 A.L.R.2d 547], the only California authority cited by appellants in this respect, condemns the use against a party of evidence of which he is not apprised, a matter not involved in this case in which all action complained of took place in the presence of the attorneys of the licensees who did not in any way object. ■ In general, the fact that an administrative agency is both accuser and judge is not considered to deprive the accused of due process of law. (*Hohreiter* v. *Garrison, supra*, 81 Cal.App.2d at p. 392.) We see no good reason why, this being so, the same trained personnel cannot legally advise and assist the agency in both functions if such assistance does not violate any statutory provisions and if the agency itself makes the actual decision.

Appellants' next contention, that the evidence before the board was insufficient to sustain the finding of violation of section 303, Penal Code, is also without merit. ■ As the State Board of Equalization has specifically been given quasi judicial or adjudicating power by section 22 of article XX of the California Constitution as to revocation in its discretion of liquor licenses for good cause, a reviewing court will sustain the board's decision in such respect in the absence of error of law, if the evidence before the board, though conflicting, contains substantial evidence supporting its findings and it will not reweigh said evidence. (*Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131 [173 P.2d 545].) ■ In this case, the inference that the licensees employed girls on the licensed premises for the purpose of procuring or encouraging purchase or sale of alcoholic beverage can reasonably be drawn from the following testimony of two liquor control officers:

When on two occasions they visited the premises incognito the girls who acted there as cocktail waitresses asked them repeatedly to buy drinks for them and sometimes for the licensee, George Dragovich, who acted as bartender, and encouraged the officers themselves to drink more and quicker; this happened at the bar sometimes within hearing of the bartender Dragovich, who on such occasions served the drinks even before the officers had consented to buy them. The drinks of the girls were always Seven-Up with a dash of gin, for which $1.00 per drink was charged to the officers, whereas

the drinks of the officers themselves did not cost more than 50 cents. When Officer McDonald protested that a "double" the waitress wanted was too expensive for him, she answered in the presence of bartender Dragovich: "Well, I have to keep busy." To identify the drinks bought by the officers and other male visitors for themselves the Roman numeral II was rung up on the cash register with the amount paid, whereas drinks bought for a girl were rung up separately with another Roman numeral to identify the girl; this distinction was substantially so explained by Dragovich himself. When Officer McDonald in arresting him said: "George, I'm placing you under arrest, and the girl too, for section 303 of the Penal Code which is the B girl section," Dragovich did not deny that he had "B girls" on the premises and in further conversation about the numerals used on the cash register tape, he said: "I just have the one girl working." The denials of Dragovich and two of the waitresses as witnesses before the hearing officer could only cause a conflict with the above circumstantial evidence, which conflict was resolved by the board against the appellants. Said factual decision is binding on the reviewing courts.

Appellants finally contend that in increasing the penalty to immediate revocation of the license the board abused its discretion and acted arbitrarily on matters outside the record, because the board, influenced by publicity as to the "B girl" problem, was engaged in a series of raids by its own officers on licensed premises, one of which raids resulted in these proceedings, and in connection with this activity the board used this case as a warning to others, as was shown by language of the board member Reilly in moving to concur in the revocation. The contention is devoid of all merit.

As mentioned before, section 22 of article XX of our Constitution expressly gives the board power in its discretion to revoke any specific liquor license if it shall determine for good cause that the continuance of such a license would be contrary to public welfare and morals. It is not denied and cannot be denied that the charged violation of section 303, Penal Code, if proved, would constitute good cause for holding that the continuance of the license would be contrary to public welfare and morals. We have held that the charge was sufficiently proved. Public interest in and official action as to the problem involved in the prosecution can evidently have no influence on the validity of the decision without a showing of definite facts which prevented the accused from

having a fair trial. No showing whatever of such facts is made. That the board may have taken into consideration the effect of its decision on others in similar situations is a normal part of its function. To deter other persons from committing similar breaches of the law is considered one of the purposes of punishment. (24 C.J.S. 1180.)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.