[Civ. No. 16899.   First Dist., Div. Two.   Apr. 10, 1956.]

SYBIL MOYER et al., Appellants, v. STATE BOARD OF EQUALIZATION, Respondent.

J. Albert Hutchinson for Appellants.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondent.

KAUFMAN, J.—This is an appeal from a judgment denying appellants a peremptory writ of mandate in proceedings under section 1094.5, Code of Civil Procedure, to review an order of the State Board of Equalization, hereinafter called the Board, affirming after reconsideration granted its prior order, suspending appellants' on-sale and off-sale alcoholic beverage licenses for 15 days because of sales to minors.

The introductory accusation was in two counts alleging in substance: (1) that the licensees on June 26, 1954, through their bartender-employee, Herbert J. Collins, sold beer to three named minors and permitted them to consume it on the licensed premises in violation of sections 25658, subdivision (a), and 24200, subdivision (b), of the Alcoholic Beverage Act (hereinafter called the ABC Act); (2) that the licensees on June 26, 1954, by the same bartender employee sold to one of said minors, Alexander Francis Boyle, one one-half pint bottle of whiskey in violation of section 25658, subdivision (a), of the ABC Act. A hearing was had before a hearing officer at which the licensees were present in person but were not represented by counsel. The hearing officer in his proposed decision made findings to the effect that the allegations of the first count were true as to two of the minors, not as to the third, who was not available to testify and of whose age there was no competent evidence, and that the allegations of the second count were true. He recommended suspension of licenses for 15 days on each count, to run concurrently. The proposed decision was adopted by the Board, but on appellants' petition a reconsideration was granted. At the hearing on reconsideration, three members of the Board without a hearing officer were present. Appellants were represented by counsel. Counsel for the Board summarized the evidence before the hearing officer. The

bartender Collins was heard as a witness for appellants, after which the order imposing 15 days' suspension was affirmed.

In the review proceedings the superior court found certain basic allegations of appellants' petition to be untrue and by separate findings decided each point to be inquired into under sections 1094.5, subdivisions (b) and (c), of the Code of Civil Procedure against appellants.

Appellants contend that the Board proceeded in violation of the manner required by law and was without jurisdiction so to proceed in several respects.

█ 1. It is contended that the law required the presence of a hearing officer at the hearing on reconsideration because section 11512 of the Government Code requires every hearing in a contested case to be presided over by a hearing officer. Respondent asserts that once a hearing officer, as in this case, presided over the original hearing and presented his proposed decision his duties are terminated. This may well be true if no further hearing in the matter takes place and no further testimony is introduced. However, respondent does not cite any provision of the code which states an exception to the general rule of section 11512, *supra,* in case the Board in its discretion after ordering reconsideration permits argument and the introduction of additional testimony. In such a case there is a "hearing" (the Board itself gave the licensees notice of the granting of a "hearing" pursuant to section 11521 of the Government Code). Section 11512, subdivision (b), reads in part: "When the agency itself hears the case the hearing officer shall preside at the hearing, rule on the admission and exclusion of evidence, and advise the agency on matters of law; . . ." The importance of said task of the hearing officer to overcome the lack of procedural knowledge of a presiding lay member of the Board and his ensuing reliance on the advice of the prosecuting agency attorney is clearly expressed in the comments of the Judicial Council on the proposed Administrative Procedure Act in the Council's Tenth Biennial Report, pages 19-20. It has been held accordingly that "the hearing officer is needful for the purpose of conducting all hearings after such fashion as will safeguard the legal rights of those concerned." (*Bartosh* v. *Board of Osteopathic Examiners,* 82 Cal.App.2d 486, 492 [186 P.2d 984]; *National Auto. & Cas. Ins. Co.* v. *Downey,* 98 Cal.App.2d 586, 592 [220 P.2d 962].) There is clearly such need for expert and impartial legal guidance also when the Board receives evidence on a hearing

on reconsideration. We hold that in the absence of an express statutory exception the provision of section 11512 requiring a hearing officer to preside was applicable to the hearing on reconsideration in this case and that in holding said hearing without a hearing officer the Board did not proceed in the manner required by law and acted in excess of its jurisdiction. (*National Auto. & Cas. Ins. Co.* v. *Downey, supra.*) For this reason the peremptory writ of mandate should have been granted.

2. Appellants next assert that the hearing after reconsideration granted is a hearing de novo, and that therefore all evidence should have been newly introduced and new findings and a new decision made. There is no basis whatever for this contention. Section 11521 of the Government Code reads in part: ''(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party . . . (b) The case may be reconsidered by the agency itself on all the pertinent facts of the record and such additional evidence and argument as may be permitted, or may be assigned to a hearing officer. . . .''

The possibility of reconsideration on the pertinent parts of the record without any new evidence is inconsistent with the alleged requirements of a hearing de novo in the above sense. Reconsideration can, dependent on the provisions regulating it, be a proceeding de novo or part of continuing proceedings leading to the final determination of the case. (*Cf. Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 317 [144 P.2d 4].) The latter is the case under section 11521, *supra. Yee* v. *State Board of Equalization,* 16 Cal. App.2d 417 [60 P.2d 322], on which appellants rely is not in point because it relates to a repealed section 45 of the Alcoholic Beverage Control Act of 1935, which expressly required a rehearing de novo of the entire matter if the licensee filed a petition for rehearing.

In the procedure under section 11521 the prior record remains before the Board. We see then no reasonable objection to the procedure here followed by which the Board, after reconsideration, affirmed its prior order which adopted the proposed decision of the hearing officer. The findings contained in the proposed decision were in that manner adopted as the findings on the final determination of the Board after rehearing. The circumstance that respondent admitted and the court found true appellants' allegation that the granting of the reconsideration placed the issues of the accusation at

large is without importance. Said expression is not necessarily in conflict with our above holding and at any rate the question is not one of fact but of law.

3. It is contended that the decision on reconsideration was vitiated by the alleged fact that the Board did not read the transcript of the evidence before the hearing officer. It has been held in *Cooper* v. *State Board of Medical Examiners*, 35 Cal.2d 242 [217 P.2d 630, 18 A.L.R.2d 593], with respect to Government Code, section 11517, subdivision (c) "that an agency member who exercises his own independent judgment on the case . . . must be acquainted with the record but need not be physically present when the evidence is produced." In *Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 398 [184 P.2d 323], it is said that in such a situation the agency must "review" the evidence. To be acquainted with or review evidence does not necessarily require the reading of a full transcript of the evidence. (*Chosick* v. *Reilly*, 125 Cal.App.2d 334, 337 [270 P.2d 547].) In *Power* v. *Industrial Acc. Com.*, 123 Cal.App.2d 591, 595 [267 P.2d 85], on which appellants rely, the question whether the agency could have made its decision without examining a verbatim record of the prior evidence if a summary of the evidence presented to them had been accurate was expressly left undecided, and the case solely decided on the ground of the material inaccuracy of the summary. In the present case, as in *Chosick* v. *Reilly, supra*, the summary of the prior evidence was accurate in all material points. Appellants' attorney did not oppose but invited the summarizing of the record by counsel of the Board and at the end of the summary pointed out one alleged minor factual error only in said summary, to wit, that the minors were not 19 but nearer to 20. ▮ However, as in the Chosick case, we need not decide whether an accurate summary of the evidence is a sufficient basis on which the Board may render a decision, because the presumption that official duty has been regularly performed (Code Civ. Proc., § 1963, subd. 15) sustains the conclusion that the Board has duly considered the evidence (*Cooper* v. *State Board of Public Health*, 102 Cal.App.2d 926, 931 [229 P.2d 27]; *cf. Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492, 501 [175 P.2d 823]) and at the court hearing there was no evidence or stipulation whatever rebutting said presumption or showing that prior to the hearing the members of the Board present had not studied the transcript.

▮ 4. Appellants' contention that the decision insofar as it

finds that appellants sold alcoholic beverage to minors "by their bartender-employee, Herbert J. Collins" is not supported by legal evidence is without merit. It is not true that with respect to the identity of Collins as the bar man who actually sold to the minors there was no other evidence than hearsay evidence concerning prior identification of Collins by the minors, although it is true that before the referee one of them only was asked to identify the bartender and he then said that he was not sure. Even if we assume that the testimony of Collins himself as well as that of the liquor control officer Knust that the three boys identified Collins is hearsay, there remains the testimony of the minor Boyle that he bought the beer from the bartender behind the bar and the whiskey from said bartender who worked there all night; of the minor Schuchert that both he and Boyle ordered beer at the bar and that he saw the bartender serve it and of Collins that he was the bartender that night. None of this evidence was hearsay. Under section 11513 of the Government Code the testimony as to prior identification was then admissible to supplement the above direct evidence.

5. Finally, appellants complain of the inaccuracy of the findings, which are partly in conflict with admitted facts stated in the reporter's transcripts of the administrative hearings and partly conclusions of law. It is true that the findings made by reference to the pleadings are not always accurate. Although there is no showing of prejudice, considering that the short transcripts do not leave room for substantial disputes of fact and said defects would therefore in themselves not justify reversal (*Alonso* v. *Hills*, 95 Cal.App.2d 778, 785 [214 P.2d 50]), now that reversal and partial amendment of findings is necessitated by our upholding of appellants' first grievance, further correction of the findings so as correctly to accord with the record is in order.

The judgment is reversed with directions to the trial court to amend its findings and conclusions of law in accordance with the opinions herein expressed and to grant a peremptory writ of mandate commanding the Department of Alcoholic Beverage Control, as having succeeded to the powers and duties of the State Board of Equalization in this matter, to set aside the order made by said Board in this matter on reconsideration on November 18, 1954, and to proceed from the order of said Board granting reconsideration in a manner not inconsistent with the opinions herein expressed.

Dooling, J., concurred.