[Civ. No. 12751.   Second Appellate District, Division Two.—December 30, 1940.]

BETHLEHEM STEEL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MORRIS FOY, Respondents.

Richard L. Oliver for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

McCOMB, J.—This is an application for a writ to review an order of the Industrial Accident Commission increasing an award for permanent disability from $2,500.80 to $5,105.80 predicated upon a finding rating respondent Foy's permanent disability as 61¼ per cent in place of a prior finding of 31¼ per cent permanent disability.

The essential facts are:

August 19, 1937, respondent commission found that respondent Foy was totally disabled from an industrial accident from November 5, 1935, until July 1, 1936, and partially disabled thereafter until the date of the award. Petitioner made payments to respondent Foy in accordance with such award to and including August 15, 1938. On the latter date it filed a petition with the commission to terminate its liability as of August 15, 1938. No objection being made to the petition, on September 14, 1938, respondent commission made an order terminating petitioner's liability. October 17, 1938, there came on for hearing before Referee Claud M. Dunn of respondent commission respondent Foy's application for a reopening of the case, and, after receiving evidence consisting, among other things, of conflicting medical reports, Referee Dunn made findings holding that respondent Foy had sustained a permanent injury, as a result of his prior industrial accident, of 31¼ per cent and awarding him the sum of $2,605. Petitioner at that time had paid said respondent, pursuant to prior awards, $1887.87 and was required, pursuant to the last order, to make a payment to said respondent of an additional sum of $717.13, which was done.

Ten months later respondent Foy again petitioned respondent to reopen his case, claiming a new and further disability. The matter was set for hearing January 18, 1940, before Referee W. Bond. (It is to be noted that this is not the same referee who formerly had handled the hearing in this particular case.)

Referee Bond listened to the testimony of respondent Foy and a report of Dr. Chapman, which was the same as that which he had given at a prior hearing, with this addition

thereto: "Present Conclusion and Impression: Virtually the same as that of April 14, 1937, and that present complaints are still due to the injury of November 5, 1935." Referee Bond also received reports on behalf of petitioner showing that respondent Foy had fully recovered from his injury and was without any permanent disability. Then without reading the testimony taken at the previous hearings in the case which included, among other evidence, motion pictures taken of respondent Foy when he was unaware thereof showing him engaged in activities which tended to disprove any permanent disability on his part, the referee made an order changing the former findings and award by increasing respondent Foy's permanent disability from $31\frac{1}{4}$ per cent to $61\frac{1}{4}$ per cent and awarding to said respondent the total sum of $5,105.80. The findings of fact thus made were adopted by the commission and the award approved by it.

This is the sole question necessary for us to determine:

*Was the last award of the Commission in excess of its power?*

This question must be answered in the affirmative.

■■ The rule is established that when the Industrial Accident Commission adopts the facts found and the award recommended by its duly authorized referee who has heard the evidence, then the commission is not required to review the record, but that, if the commission disregards the findings and recommendations of its referee and makes different findings and award, the commission must itself review the evidence (*Taylor* v. *Industrial Acc. Com.*, 38 Cal. App. (2d) 75, 81 [100 Pac. (2d) 511]). This rule is obviously applicable to the act of a subsequent referee in modifying findings and award of a prior referee. Applying it to the facts of the present case, we find that Referee Bond set aside the findings and award made previously by Referee Dunn and issued new findings of fact and made a new award without examining a transcript of the record containing the evidence considered by Referee Dunn in making his findings and award.

For the foregoing reasons the last award of respondent commission dated April 4, 1940, should be and it is hereby annulled.

Moore, P. J., and Wood, J., concurred.