[S. F. No. 16468.   In Bank.—March 19, 1941.]

F. W. WOOLWORTH COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ALVA SIVLEY, Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

GIBSON, C. J.—Petitioners seek by this writ of review to annul an award made by the respondent Industrial Accident Commission to one Alva Sivley.

Sivley had been employed by the Woolworth Company for a period of over three years as a stock clerk at its Post Street store in San Francisco. On the evening of November 21, 1939, Sivley and certain other employees worked overtime to decorate the store for the approaching holiday season. He was on duty from 8 o'clock in the morning until approximately 10:30 in the evening, with half an hour off for lunch and for dinner. Sivley had worked similar hours the preceding day, and he testified that his physical condition was under par from overwork and exhaustion.

During the evening Sivley was engaged in transporting material between the fifth floor and the ground floor of the building by means of a freight elevator at the rear of the store. At about 10:30, while unloading supplies on the fifth floor, he stopped his work to take the elevator down to the first floor in answer to a call. He testified that after unlocking a door to permit a fellow-employee to leave the building he started back to the fifth floor to complete his task of unloading material from the elevator; that he re-

membered starting the elevator but did not remember reaching the fifth floor. During the trip he became faint and felt that he needed air; things were hazy to him and his mind went "foggy and blank". He had no recollection of what happened thereafter until he "came to" at the bottom of a light well, or shaft, between the store and an adjoining building. He was found there, seriously injured, by his fellow-workers who brought him into the store and sent for medical aid.

It was established by the testimony of others that the elevator was stopped at the fifth floor with its door open and with part of its load still inside. Sivley's pencil and pliers were found beside an open window a few feet down the hallway from the elevator and there were marks on both sides of the light well below the open window indicating the course of his fall.

The commission determined that Sivley had sustained an injury occurring in the course of his employment and arising out of it. Accordingly an award was made compensating him for the injury. Petitioners contend that there is no evidence to support the finding of the commission that the injuries arose out of his employment. Their argument is that there was no evidence that Sivley's duties took him into the hallway where this particular window was situated; that his presence at the window might be explained by some activity in no way connected with his employment; and that there is no presumption that the injury arose out of the employment merely because it happened during working hours.

We need not concern ourselves with the speculations of petitioners as to the manner in which the accident might have occurred, or as to the possible reason for Sivley's presence at the window. The only issue requiring our consideration is whether the commission's finding that the injury arose out of the employment is supported by substantial evidence. (*Newton* v. *Industrial Acc. Com.*, 204 Cal. 185, 190 [267 Pac. 542, 60 A. L. R. 1279] ; *Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919] ; *General Acc. F. & L. Assur. Corp.* v. *Industrial Acc. Com.*, 186 Cal. 653 [200 Pac. 419] ; *Myers* v. *Industrial Acc. Com.*, 191 Cal. 673 [218 Pac. 11] ; cf. *Daugherty* v. *Industrial Acc. Com.*, 220 Cal. 767 [32 Pac. (2d) 959] ; 27 Cal. Jur. 342 et seq.)

■ The established facts and the testimony of Sivley, if believed, furnish adequate evidence upon which the commission could find that the injury arose out of and was caused by his employment. It is true that the actual events which took place between the time the elevator arrived at the fifth floor and the time Sivley was found at the bottom of the light well cannot be established by direct testimony. But there is circumstantial evidence from which it can be inferred that Sivley went to the nearest window in order to gain relief from the "stuffy" feeling, and that, in so doing, he was overcome by exhaustion and fell from the window.

■ It is well established that the commission may draw inferences from the evidence, and its conclusion will not be disturbed unless it is wholly unreasonable. (*Union Oil Co.* v. *Industrial Acc. Com.*, 211 Cal. 398 [295 Pac. 513]; *Pacific Emp. Ins. Co.* v. *Chavez*, 5 Cal. (2d) 247 [54 Pac. (2d) 701]; *Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17]; 27 Cal. Jur. 579 et seq.) ■ Nor can it be successfully contended that Sivley stepped outside the permissible scope of his employment merely because, in order to get fresh air, he went into a hallway where his duties did not require him to be. (See, *Leffert* v. *Industrial Acc. Com.*, 219 Cal. 710 [28 Pac. (2d) 911]; *Whiting-Mead Com. Co.* v. *Industrial Acc. Com.*, 178 Cal. 505 [173 Pac. 1105, 5 A. L. R. 1518]; *Jenks* v. *Carey*, 136 Cal. App. 80 [28 Pac. (2d) 91]; 18 Cal. L. Rev. 551; 22 Cal. L. Rev. 581; 27 Cal. Jur. 343.)

The award is affirmed.

Shenk, J., Edmonds, J., Traynor, J., Carter, J., and Curtis, J., concurred.

Petitioners' application for a rehearing was denied April 17, 1941.