[Civ. No. 13058.    Second Dist., Div. One.—June 30, 1941.]

HURSEL WAYNE DETER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Fred M. Riedman for Petitioner.

Everett A. Corten for Respondents.

WHITE, J.—This cause comes before us on the application of the above-named petitioner to review an award made by the Industrial Accident Commission in favor of J. A. Crane, Pacific Fidelity Owners, Ltd., and National Automobile Insurance Company, a corporation. The record discloses that petitioner was employed in the capacity of a horse trainer and ranch hand by respondents J. A. Crane and Pacific Fidelity Owners, Ltd., on a ranch at Cypress, California. On March 3, 1940, while petitioner was engaged in the act of roping a horse, the rope parted and one end thereof flew back, striking petitioner in the left eye. Respondents concede that the accident occurred during the hours of employment and at a place where the employee had a right to be. The contention that the accident occurred during the course of the employment, however, is disputed by respondents. Inasmuch as the cause is remanded for another reason, it is unnecessary to determine, nor in the light of the record would it be proper to determine, whether there is evidence to support such a finding.

██ Petitioner's claim that the award made by the commission in favor of respondents was in excess of the commission's jurisdiction in our opinion is well founded and entitled to be sustained. The record discloses that the case was originally heard before Referee W. Bond, who decided the issue against the applicant. A petition for a rehearing was filed and by the commission granted. Without having the evidence received at the original hearing transcribed, the rehearing took place before Referee Mort L. Clopton, at which time all of the evidence received at the first trial was not introduced. During the proceedings had on rehearing, the applicant requested and was granted a continuance to secure the attendance of two witnesses. When these witnesses were produced, their testimony was taken before still another referee, Harold B. Jeffrey. This last-mentioned testimony was never transcribed, but nevertheless Referee Clopton rendered a decision against petitioner and in favor of respondents on the rehearing. In other words, it is apparent that the referee who made the decision rendered the same without knowledge of the testimony of at least two witnesses, and without knowledge of all the testimony introduced at the original hearing.

Although respondents dispute petitioner's contention that any prejudice resulted therefrom, we are not persuaded that such issue should be permitted on review in the circumstances here presented. To the contrary, it is our conviction that when the commission handed down a decision through the instrumentality of a referee who had neither heard nor read all of the evidence in the case, it acted in excess of its jurisdiction.

For this reason, therefore, the award is annulled and the cause remanded to the commission with directions to conduct a hearing or hearings in accordance with the views herein expressed.

York, P. J., and Doran, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 28, 1941. Gibson, C. J., and Traynor, J., voted for a hearing.