[Civ. No. 13127.   Second Dist., Div. One.   Sept. 19, 1941.]

SANTA MARIA GAS COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and EDDIE HUFFMAN, Respondents.

LeRoy M. Edwards, C. P. Kaetzel, and O. C. Sattinger for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

DORAN, J.—Petitioner herein, self insured employer of respondent Eddie Huffman, sought a writ of review from the order of the Industrial Accident Commission amending a decision after a rehearing, which amendment increased the percentage of permanent disability as a result of which petitioner was required to pay Huffman $13.58 a week for 240 weeks and thereafter as compensation for permanent disability $3.34 per week.

The findings of fact following the first hearing by the commission reveal that as a result of an accident arising out of and occurring in the course of his employment, Huffman sustained a fractured vertebra. The accident occurred July 20, 1936. The findings and award of the first hearing were approved and filed August 25, 1937. Thereafter, in 1937, 1938 and 1939 additional hearings were had. In 1940 the gas company, petitioner herein, petitioned the commission to terminate liability. Following the hearing, the commission found as a fact that the percentage of Huffman's disability was 76; that "said employee is also entitled to lifelong medical, nursing, hospital and sanitarium care, including artificial support, as may be required to cure and relieve from the effects of said injury." Included in the order for compensation was a provision for the payment of "a life pension at the rate of $3.34 a week."

The first disability rating had been fixed by the commission at 35¾%. Thereafter it was increased to 54¼% and finally, as above noted, to 76%.

It is the contention of petitioner herein, that the action of the commission fixing the rating at 76% was unwarranted because, as argued by petitioner "the commission did not have before it any competent, relevant evidence which had not theretofore been before it, and passed upon by it, which would warrant an increase in the permanent disability rating." It is further argued that "the medical reports submitted from time to time were merely cumulative of conditions theretofore described . . . and did not constitute any cause for increasing the award to 76%."

With regard to a request to alter an award, petitioner urges that "the power to grant such request should be exercised with great caution and only when fraud, inadvertence, mistake or excusable neglect are clearly shown." It is also

urged that "an injury to the back such as sustained by Huffman in this case would not warrant the 76% rating." The foregoing are the major contentions of petitioner from which it is contended in conclusion that there is no basis for the increase of the rating above mentioned.

■ The record fails to support petitioner's contentions, but to the contrary sufficiently sustains the action of the commission. The judgment of the commission is not open to attack; the effect of evidence is not open to review.

Petitioner's contention is based primarily on a disagreement with the conclusion reached by the commission in connection with which, as in many cases, there probably is opportunity for a difference of opinion. But the law is well settled that where there is substantial evidence to support it, the conclusion of the commission on questions of fact is final.

■ While it is true that a change in an award of the commission may not be predicated upon a mere change of opinion by the commission as to the correctness of its original decision (*Merrit-Chapman & Scott Corp.* v. *Industrial Acc. Comm.*, 6 Cal. (2d) 314 [57 Pac. (2d) 501]), the record herein indicates that it is not true that all of the conditions found to exist as a basis for the last permanent rating were known to exist and were rated in the previous awards. In view of the medical reports submitted after such awards were made it cannot be said that there was no new evidence sufficient to warrant the commission in reopening and amending its previous decision and award under the continuing jurisdiction vested in the commission by section 5803 of the Labor Code.

Other minor contentions are unimportant. The action of the commission was well within its authority under the law. A careful review of the record reveals no grounds for effectively disputing its jurisdiction in the circumstances.

The award is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied October 14, 1941, and the following opinion then rendered:

THE COURT.—In a petition for a rehearing it is urged that the opinion heretofore filed disregards petitioner's con-

tention to the effect that the matter was disposed of by the commission after a final hearing held before a referee who had not conducted the former hearings and without the record of the evidence adduced at the former hearings having been transcribed for consideration by the commission. It is argued in that connection that the opinion of the court in *Deter* v. *Industrial Acc. Com.*, 45 Cal. App. (2d) 664 [116 Pac. (2d) 112], is controlling. There the court declared: ''Although respondents dispute petitioner's contention that any prejudice resulted therefrom, we are not persuaded that such issue should be permitted on review *in the circumstances here presented*. To the contrary, it is our conviction that when the commission handed down a decision through the instrumentality of a referee who *had* neither heard nor read *all* of the evidence in the case, *it acted in excess of its jurisdiction.*'' (Italics added.)

The issue in the Deter case was whether the injury had occurred during the course of employment, and upon a petition for a rehearing the matter was disposed of without the proceedings of the first hearing having been reduced to writing and considered by the referee of the second hearing, who had not conducted the first hearing. It was there urged by respondent board, in substance, that notwithstanding such procedure, no prejudice had resulted therefrom.

There is no resemblance between the situation in the Deter case and the case at bar. Nor does the opinion in the Deter case necessarily invalidate all of the decisions of the Industrial Accident Commission made pursuant to such procedure. It should be noted that the language quoted above from the Deter case includes the expression ''*in the circumstances* here presented''; moreover, the form of the verb in the expressions, ''*handed* down a decision,'' ''*had* neither heard'' and ''*acted* in excess'' should also be noted. The subject is not treated in the abstract and a general rule applicable in all cases is not announced.

In the case at bar the action of the commission about which petitioner complains is the increase of the percentage of disability to 76. This action was based, as the record reveals, upon the evidence produced at the final hearing and an examination of the evidence adduced at the former hearings was, under the circumstances, unnecessary in the determination of such question. The evidence produced at the final

hearing was sufficient, as a matter of law, to support the action of the board in fixing the rate of disability at 76%.

The petition for a rehearing is denied.

Petitioner's application for a hearing by the Supreme Court was denied November 17, 1941.