[Civ. No. 15796.  First Dist., Div. One.  May 17, 1954.]

STATE COMPENSATION INSURANCE FUND et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and THOMAS H. GEORGE, Respondents.

Donald Gallagher, Edward C. Neely, Loton Wells and Allan L. Sapiro for Petitioners.

T. Groezinger for Respondents.

BRAY, J.—Petition for writ of review and annulment of portion of findings and order on apportionment.

## Questions Presented

1. May the commission, on rehearing, after reviewing the record, make findings and order differing from its first findings and order, where no additional evidence is introduced?

2. Are the commission's findings supported?

## Record

Respondent George filed an application for adjustment of claim, in which he alleged that while employed as a molder by seven named employers from 1907 through July, 1947, he developed silicosis resulting in permanent disability. Petitioner State Compensation Insurance Fund and other compensation insurance carriers were subsequently joined as defendants. In its findings and award the commission found that the silicosis was due to his employment by four named employers, one of which was petitioner Empire Foundry, insured by State Fund, and awarded temporary total disability indemnity and medical expenses. The award was against the State Fund and two other insurance carriers, jointly and severally. Thereafter one of these carriers filed its petition for contribution or to apportion liability. Two hearings were had on this petition. The report of the referee on the order fixing apportionment was filed in which it was found that of the total employment by the four employers, George was employed by Empire Foundry for 328 weeks, and that of the total liability to George the State Fund be apportioned to pay 79.04 per cent. (This included liability for another employer for which the State Fund is the carrier.)

All three carriers petitioned for a rehearing, which was granted. After further hearing at which no additional evidence was introduced as to the period George worked for Empire Foundry, the trial referee advised the parties of his proposed findings as to apportionment. The period of employment at Empire Foundry he found to be 501 weeks instead of the 328 weeks previously found. Petitioner State Fund filed objections. Thereafter the commission filed its order on apportionment in accordance with the proposed findings, making apportionment of petitioner State Fund's liability accordingly. A petition for reconsideration was denied.

1. *Commission's Right to Change Order on Reviewing Evidence.*

Petitioner contends that as no party on rehearing questioned the commission's previous finding of 328 weeks, and as no additional evidence was offered on the subject, the com-

mission had no power to change its findings and order. ▇ That the commission on rehearing, *after reviewing the record,* as it did here, has full power to change its previous findings and order without further evidence, is so well settled in California as not to require discussion. (See *Great Western Power Co.* v. *Industrial Acc. Com.,* 191 Cal. 724, 729 [218 P. 1009]; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.,* 58 Cal.App.2d 262, 267 [136 P.2d 633].) "After the taking of additional evidence and a consideration of all of the facts the commission may affirm, rescind, alter, or amend the original order, decision or award." (Lab. Code, § 5908.) The rehearing threw the entire record open for review, and if, in a review of the record, the commission believed that its previous order should be changed, the fact that no party had complained of any particular finding of fact would not affect the commisson's power to make an entirely new and different decision based upon the evidence.

*Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.,* (1936) 6 Cal.2d 314 [57 P.2d 501], and *Bethlehem Steel Co.* v. *Industrial Acc. Com.* (1940), 42 Cal.App.2d 192 [108 P.2d 698], cited by petitioners, are not in point. The first case did not deal with a rehearing. The second case dealt with a hearing after petition to reopen the case, where the commission changed the previous findings *without a review of the record.*

2. *Were the Findings Supported?*

Petitioners contend that the evidence does not support the finding that George worked 501 weeks for Empire Foundry. On May 20, 1949, petitioner Empire Foundry, which was the only employer to file payroll statements, reported to the petitioner State Fund that its records showed that George worked for it "during the following periods:

| "March 22nd 1923 | to | Dec. 26th 1924 |
| "May 29th 1925 | " | March 12, 1926 |
| "Oct 1st 1926 | " | March 22nd, 1927 |
| "Sept 27th 1929 | " | Oct 18th 1933 |
| "Jan. 12th 1934 | " | May 22nd 1936" |

Following that was a statement of his earnings each year, from 1923 to 1936, both inclusive (except the year 1928, no part of which he worked, apparently). This document was filed June 6, 1949. At the hearing on apportionment on August 3, 1950 (prior to the first findings and order making apportionment) George was asked if the report above set forth gave "about the time that you worked" for Empire. He said it

did. He stated that there were months during that period when he did not work. There was a depression on and he would be off part time. October 5, 1950 (again before the first ruling on apportionment) petitioner Empire Foundry filed what it termed "the original pay-roll record" of George while employed by them. This consisted of approximately three yards of adding machine tape bound together, containing figures in both handwriting and mechanical impressions of an adding machine. This purports to give the exact days worked by George and his pay on each day worked. The total number of weeks set forth in the May 20th report above mentioned is 501. It is claimed that the total number of weeks shown on the tape is 328, although there was no testimony to that effect or concerning the data shown on the tape. The record fails to show how the referee arrived at his original estimate of that number of weeks. Petitioners claim that we must accept the evidence of what they contend the tape shows, reject the evidence of the first report, and conclude therefrom that George did not work as shown in that first report.

As said in *Mercer-Fraser Co.* v. *Industrial Acc. Com.,* 40 Cal.2d 102, 114, 115 [251 P.2d 955], questions as to the weight of the evidence are for the commission, and if there is any evidence, whether direct or by reasonable inference, which will support the commission's findings, we have no power to disturb it.

"It is well established that the commission may draw inferences from the evidence, and its conclusion will not be disturbed unless it is wholly unreasonable." (*F. W. Woolworth Co.* v. *Industrial Acc. Com.,* 17 Cal.2d 634, 637 [111 P.2d 313].) While George testified that he worked part time during the depression years, it does not appear how the part time was worked, short periods per day or full weeks with interrupted weeks. The commission might have considered the adding machine tapes as an afterthought. The adding machine tape is not a payroll record, nor either an original record or copy thereof. It is merely a purported summation of what the employer claims its records show.

It is not always an easy task to make an apportionment where, as here, the employee has worked for several employers over a considerable length of time. We cannot say that the method adopted by the commission of resorting to weekly units and determining the weeks of employment and exposure is unreasonable and unsupported by the evidence. As said in *Associated Indem. Corp.* v. *Industrial Acc. Com.,*

124 Cal.App. 378, 385 [12 P.2d 1075], ''There may be some difficulty in making the apportionment called for here, but if so, the difficulty is properly to be solved by the Commission. We do not suggest a solution, but shall leave it to the Commission to settle the problem.''

The order of the commission is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.