412 P.2d 487

Andrew James **EVERETT**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona and Vista Mobil Homes, Respondents.

No. 1 CA–IC 13.

Court of Appeals of Arizona.

March 24, 1966.

Chris T. Johnson, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondent, Industrial Commission.

DONOFRIO, Judge.

This is an appeal by writ of certiorari from an Order Denying Rehearing and Affirming Previous Decision on Hearing issued by the Industrial Commission January 22, 1965. This affirmed an Award and Findings on non-compensable claim.

The claimant filed a claim in December 1963 alleging that he sustained an injury by accident arising out of and in the course of his employment on October 30, 1963, when a ladder slipped and he twisted his arm out of the socket when he fell. The employer, Vista Mobil Homes, failed to file an Employer's Report of Accident. A Commission investigator reported that he contacted the employer's office, but the girl there was new and stated she knew nothing of claimant's accident. Subsequently, in April 1964, claimant filed a second claim form alleging the date of the accident was October 29, 1963, and stating it occurred when a stool turned over.

No employer's report of accident was ever filed in this case. A second investigator's

report May 5, 1964, explains that Vista Mobil Homes was then defunct, and their policy was cancelled by order of the Commission on April 15, 1964.

Claimant's attending physician filed a report and letter, both stating that claimant had given a history of a non-industrial accident some 18 months prior to his examination of claimant on November 9, 1963. The claimant's history, as taken by both the doctor and his nurse, mentions the earlier accident and that claimant suffered other dislocations of his shoulder after this; but makes no mention at all of any accidental injury in October 1963.

The Commission entered an Award and Finding for non-compensable claim without a hearing. This was protested, and hearings were held on January 18, 1964 and July 29, 1964.

The first hearing was primarily concerned with the issue of whether or not an accident occurred. Two witnesses appeared, the claimant himself and a former fellow-employee at Vista Mobil Homes. The fellow-employee's testimony had little probative value, since his only knowledge of claimant's injury was through a conversation he alleged he had had with a foreman. He stated that the foreman told him claimant injured his shoulder when he fell from a scaffold. An effort was made to get general testimony as to the date of the accident from this witness, but he could not even approximate the date.

The claimant testified that he was working on a portion of a trailer, standing on a scaffold in a narrow space, when the scaffolding broke, he lost his balance and grabbed for the roof of the trailer. He testified he cut his finger, and let go with his right hand, which left him hanging with his left hand only. This, he stated, pulled his arm out of the socket. Claimant testified that no one actually saw the accident, though two men came up to him afterward and one helped him put his arm back in the socket. These men were not subpoenaed to appear at the hearings.

As we previously stated, the attending doctor's letter and report stated that claimant had given him a history of an accident some 18 months prior to his first examination of claimant on November 9, 1963, but failed to mention an industrial accident which occurred on October 29 or 30, 1963. This doctor was the sole witness at the second hearing. He reiterated that the claimant had not given any history of an industrial accident in October 1963, though he had attributed the repeated dislocations of his shoulder to the accident 18 months previously. The doctor testified from his office records that claimant stated: "Left shoulder comes out of place all the time. 18 months ago slipped on a slick surface, grabbed the fins of a car with his left hand as he fell. Has had a pain in his shoulder, pulling in the rib muscles in the back and numbness in the hand."

█ █ Industrial Commissioners are the triers of facts, and evidence adduced will be considered in the light most favorable for sustaining workmen's compensation Award. Wilson v. Wilson, 1 Ariz.App. 77, 399 P.2d 698 (1965). It is the function of the Court of Appeals, when petitioned to review an Industrial Commission Award, to determine whether the evidence before the Commission is sufficient to reasonably support their decision and not to try the case anew. Nelson v. Industrial Commission, 2 Ariz.App. 403, 409 P.2d 562 (1966).

█ █ It is our opinion that the evidence supports the Award and Findings of the Industrial Commission that the claimant failed to prove by a preponderance of the evidence that he sustained an accident arising out of and in the course of his employment. Proof of an industrially related accident is essential to the right of an employee to workmen's compensation, A.R.S. § 23–1021.

The Award is affirmed.

STEVENS, C. J., and CAMERON. J., concurring.