422 P.2d 182

Jessie J. BANDY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Phillips, Bailing and Tillage, Inc., Respondents.

No. 1 CA–IC 102.

Court of Appeals of Arizona.

Jan. 11, 1967.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Glen D. Webster, Phoenix, for respondents.

CAMERON, Chief Judge.

This case is before the Court on a writ of certiorari brought by petitioner Jessie J. Bandy, to review the lawfulness of the Award and Findings of the Industrial Commission of Arizona issued 30 December 1965.

The question presented for review is whether the Commission's award and findings are reasonably supported by the evidence.

The petitioner was injured on 22 January 1964, in a 25 foot fall from a ladder. He landed on his feet, injuring both feet and ankles, fracturing both heel bones, and causing soft tissue damage. On 19 May 1964, the Commission issued a "Record of Commission's Action", which found petitioner's average monthly wage to be $433.30, and found that he had been medically discharged as able to perform light work. This record contains a "20 day clause", providing that any party aggrieved by the Commission's action could file written application for rehearing within 20 days from the date of service. No application for hearing was filed.

14 April 1965, the Commission issued an award finding that petitioner suffered a 15 percent general physical functional disability as a result of his injury, but that he was able to perform the same or similar type of work as he performed before his injury, and that there was no evidence showing any loss of earning capacity due to his physical disability. Petitioner timely filed a petition for hearing, and a hearing was held 28 October 1965. The Commission's award of 30 December 1965, reflects the findings made in the Referee's Report. This award, among other findings, found that the average monthly wage of $433.30 determined in the record of Commission's action of 19 May 1964, was final and res judicata; that at the time of injury and during the preceding year, petitioner, in addition to his employment with the insured employer Phillips, Bailing and Tillage, Inc., was self-employed on a part time basis as an independent contractor, but the self-employment activities were not insured under the Workmen's Compensation Act. The award further found that petitioner, as a result of his industrial injury, is not able to perform his duties as speedily or efficiently as he previously was. He can, however, reasonably be expected to be able to earn $325 per month. Thus, he suffers a 24.99 percent loss of earning capacity, which entitles him to monthly compensation of $59.57 until further order of the Commission.

We have reviewed the record, and it is the opinion of this Court that the award and findings of the Commission are reasonably supported by the evidence. Everett v. Industrial Commission, 3 Ariz.App. 145, 412 P.2d 487 (1966).

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.