482 P.2d 491

**STATE COMPENSATION FUND and Mc-Culloch Oil Corporation of California, Inc., Petitioners,**

v.

**Antonio Romero DELGADILLO, widow of Margarito R. Delgadillo, deceased, Respondent Claimant,**

**The Industrial Commission of Arizona, Respondent.**

**No. I CA–IC 449.**

Court of Appeals of Arizona, Division 1, Department A.

March 15, 1971.

Rehearing Denied March 31, 1971.

Robert K. Park, Chief Counsel, by Ronald M. Meitz, Phoenix, for petitioners State Compensation Fund and McCulloch Oil Corporation of California, Inc.

William C. Wahl, Jr., counsel, Donald L. Cross, Former Chief Counsel, Phoenix, The Industrial Commission of Arizona for respondent.

Garth Nelson, Yuma, for Antonio Romero Delgadillo, Widow of Margarito R. Delgadillo, deceased respondent Widow.

CASE, Judge.

Petitioners complain of an award by the Commission finding that the deceased sustained personal injury by accident arising out of and in the course of his employment.

The facts stated in a light most favorable to sustaining the award are:

The deceased was a Mexican immigrant who was murdered while working as a night irrigation man at petitioner employer's golf course. He was required to inspect the sprinkler system and to check certain valves and pumps. He was to request any unauthorized persons on the golf course to leave, and if he saw anyone destroying property he was to report it to a "security" guard who resided in a trailer on the course. The deceased's equipment consisted of a flashlight, keys, certain manual valves and a motor scooter which he used to travel around the course. He had been working for approximately three weeks prior to his death.

There had been numerous burglaries in the area and some short time previous to the date of death, the maintenance shed and clubhouse had been burglarized. A former employee of the golf course, Gary Stryker, plead guilty to three of these burglaries, eventually being sentenced on one count. Stryker had stated on many occasions that he hated Mexicans and did not like to work with them. His employment had terminated before deceased had been hired. Although Stryker was a suspect in the murder, no formal charges were filed.

At six o'clock on the morning of August 17th, deceased was found by two of his sons who were also co-employees. The testimony indicated that he was lying in a pool of blood on a dead end street adjacent to the 11th fairway and about a quarter of a mile from the maintenance yard. Testimony further indicated the deceased had been on his way to the 11th fairway. His death was caused by four bullet wounds or conceivably a blow to his head which had been inflicted with his own flashlight. The time of death was during his working hours, some time between twelve and six o'clock A.M.

After a hearing, the Commission found that decedent had sustained a personal injury by accident arising out of and in the course of his employment, and this appeal followed.

The primary question for consideration is whether or not this case falls within the "unexplained death" rule. This rule states:

"When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment." 1 Larson's Workmen's Compensation Law, § 10.32, at 108.

Our Supreme Court in the cases of Martin v. Industrial Commission, 73 Ariz. 401, 242 P.2d 286 (1952) and Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596 (1953) (not the same Martin), discussed at some length the application of this rule, pointing out that this rebuttable presumption can only be invoked in a case where there is an absence of any evidence of what caused the death.

Petitioners urge that the case, sub judice, is one wherein the rule was erroneously applied since there was sufficient evidence upon which the Commission *should* have reached a decision on the cause of deceased's death. In support of this contention petitioner urges that the evidence indicates:

1. The apparent hatred of Stryker for Mexicans and the belief of the law enforcement officers that Stryker was in fact the murderer.

2. The fact that the deceased was hired primarily as an irrigation man and not as a nightwatchman and that accordingly it was not in the scope of his employment to protect his employer's property.

3. The fact that the death occurred approximately a quarter of a mile from the maintenance yard.

4. The viciousness of the crime as evidenced by the fact that four shots were fired from a distance of about five feet, indicating a personal animosity toward the decedent by his assailant, and lastly,

5. That the deceased did not speak English and was considered to be a quiet and shy person, the inference being that he would not therefore be one who would tend to be aggressive in the protection of his employer's property.

Petitioner states that there are only two conclusions that can be drawn from this evidence. First, that decedent was protecting his employer's property and was therefore within the scope of his employment; and second, that he was slain for purely personal reasons. Petitioner argues that the only reasonable conclusion is the latter. We disagree.

The circumstances of the case upon which petitioner relies can as well be said to support an inference that Stryker or some other person was surprised by deceased in the commission of a burglary. As our Supreme Court stated in the second Martin decision:

"Where two inferences may be thus drawn the commission is at liberty to choose either, and its conclusion will not be disturbed unless it is wholly unreasonable. F. W. Woolworth Co. v. Industrial Accident Commission, 17 Cal.2d 634, 111 P.2d 313." 75 Ariz. 403, 410, 257 P.2d 596, 600 (1953).

It has been repeatedly stated that the Commission is the exclusive trier of issues of fact and its finding will not be disturbed if there is reasonable evidence to support it. Everett v. Industrial Commission, 3 Ariz.App. 145, 412 P.2d 487 (1966); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968). A compre-

hensive review of the evidence in this case supports the finding of the Commission.

Award affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.