482 P.2d 887

Nancy Carole CARLSON, Surviving widow
of Wayne D. Carlson, deceased,
Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Salt River Project Agricultural Improvement
and Power District, Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

1 CA–IC 361.

Court of Appeals of Arizona,
Division 1,
Department B.

March 24, 1971.

Rehearing Denied April 23, 1971.

Review Denied May 25, 1971.

Richmond, Ajamie, Fay & Warner by
Louis C. Webb, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix,
for respondent The Industrial Commission
of Arizona.

Robert K. Park, Chief Counsel by Court-
ney L. Varner, Phoenix, for respondent
Carrier State Compensation Fund.

HAIRE, Judge.

This review by certiorari involves an In-
dustrial Commission award which denied
death benefits to petitioner, the surviving
widow of a workman who was killed by a
co-employee. Without question there was
evidence before the Commission which
would have justified the Commission's
findings that the death of the decedent
"did not arise out of nor in the course of
his employment" and that "the episode of
injury occurred at a time when the
decedent had abandoned his employment
and was engaged in personal activity with
a third person." However, petitioner con-
tends that this evidence supporting these
findings was incompetent, and that when
the record is stripped of all incompetent
evidence, there is left a fact situation
which gives rise to a presumption that the

death was the result of an injury by accident arising out of and in the course of the decedent's employment.

█ The evidence which is claimed to be incompetent was the testimony of the decedent's co-worker, who testified that at the time of the decedent's death the two of them had departed from their duties as meter readers for the Salt River Project Agricultural Improvement and Power District and were target practicing at a gravel pit; that he first accidentally shot the decedent in the head and then purposely shot him two more times and took his wallet to make it look like robbery was involved. By the time the proceedings before the Commission were held, the co-worker had pleaded guilty to the murder of petitioner's decedent and to another murder and had been sentenced to two consecutive life terms in the Arizona State Prison.

Petitioner contends that although A.R.S. § 13–1653, subsec. C[2] allows a convicted murderer serving a life term to give testimony in a *criminal* action, by implication or application of the doctrine of *expressio unius est exclusio alterius*, that same statute makes a convicted murderer's testimony incompetent in any other proceeding. This contention might have some persuasive effect were it not for the existence of other statutes which dispel any such implication. A.R.S. § 12–2201 describes persons who may be witnesses as follows:

"A. Every person, including a party, may testify in any civil or criminal proceeding, or before any person who has authority to receive evidence, except as otherwise expressly provided by law.

"B. A person shall not be incompetent to testify because he is a party to an action or proceeding or interested in the issue tried, or because he has been *indicted, accused or convicted of a crime*, or because of his religious opinions, or because he does not have any religious belief." (Emphasis added).

The above statute effectively negates the continued existence of any vestige of the common law rule which rendered felons incompetent as witnesses.

█ While a proceeding before the Industrial Commission is not in the strict sense either a criminal or civil proceeding, in our opinion a witness who would be competent to testify in either a criminal or civil proceeding would also be competent to give evidence in an administrative hearing of the nature here involved, where the rules of evidence and procedure are generally somewhat more relaxed than in a regular court proceeding. *See* A.R.S. § 23–942.[3] Of course the Industrial Commission may take into consideration the fact of conviction in judging the credibility of the witness. In looking at the fact situation which was presented to the Commission, while there may be some question as to whether the shooting of the decedent was accidental or intentional, the remainder of the complained of testimony is in all respects consistent with the physical facts as gleaned from other sources. We conclude that the evidence was competent and furnished an adequate factual basis for the Commission's award.

In view of the foregoing conclusion we need not consider petitioner's contention that in the absence of such evidence, the

---

2. A.R.S. § 13–1653, subsec. C reads as follows:

"C. Persons sentenced to imprisonment in the state prison for any term shall not thereby be rendered incompetent as witnesses upon the trial of a criminal action or proceeding, or incapable of making and acknowledging a sale or conveyance of property."

3. A.R.S. § 23–942, prior to amendment effective January 1, 1969, read as follows:

"The commission shall not be bound by the rules of evidence or by technical or formal rules of procedure other than as provided in this chapter. The commission may conduct investigations in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this chapter."

Effective January 1, 1969 the subject matter of A.R.S. § 23–942 was incorporated into A.R.S. § 23–941, subsec. F.

"unexplained death presumption"[4] would be applicable to the facts of this case and would compel a finding of compensability.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.

4. See Martin v. Industrial Commission, 73 Ariz. 401, 242 P.2d 286 (1952); Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596 (1953); State Compensation Fund v. Delgadillo, 14 Ariz.App. 242, 482 P.2d 491 (filed March 15, 1971); 1

A. Larson, The Law of Workmen's Compensation § 10.32, at 108 (1970).